246 November 29, 2023 No. 610

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of F. K. L.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. C. L.,
*Appellant.*

Coos County Circuit Court
20JU06072; A180965

On appellant's petition for reconsideration of the court's Order of Dismissal filed May 24, 2023.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Elena Stross, Deputy Public Defender, Office of Public Defense Services, for petition.

Before Egan, Presiding Judge, Lagesen, Chief Judge, and Pagán, Judge.

LAGESEN, C. J.

Reconsideration allowed; order dismissing appeal vacated.

**LAGESEN, C. J.**

In this juvenile dependency proceeding, father appeals orders[1] permitting his son's former foster mother, DM (foster mother), to intervene under ORS 419B.116. Father and the Department of Human Services (DHS) both opposed intervention, but the juvenile court exercised its discretion to allow it. After directing father to show cause why this appeal should not be dismissed for lack of jurisdiction on the ground that the order allowing intervention was not appealable, the appellate commissioner dismissed the appeal. In so doing, the commissioner rejected father's arguments that the orders allowing intervention adversely affected his rights. Father petitioned for reconsideration of that decision, and the commissioner referred the petition to the Motions Department of this court for resolution of the issue in an opinion. We allow the petition for reconsideration and, on reconsideration, conclude that the order allowing foster mother to intervene is appealable. Accordingly, we vacate the order of dismissal and direct that the appeal proceed.

ORS 419A.200 governs appeals from juvenile court orders and judgments, defining the scope of our appellate jurisdiction. Pertinent to the issue before us, it allows "a party to a juvenile court proceeding under ORS 419B.875(1) *** whose rights or duties are adversely affected by a judgment of the juvenile court [to] appeal therefrom." ORS 419A.200(1). In the dependency context, under the plain text of the statute, the term "judgment" includes a number of final orders entered after the initial judgment finding a child to be within the juvenile court's dependency jurisdiction; "judgment" includes "[a] final order adversely affecting the rights or duties of a party and made in a proceeding after judgment including, but not limited to, a final order under ORS 419B.449 or 419B.476." ORS 419A.205(1)(d). For purposes of ORS 419A.200, "a person's or entity's rights or duties are adversely affected when an action of the court is

---

[1] For reasons that are not entirely clear to us, the juvenile court entered two identical orders allowing DM to intervene and father appealed both. For the sake of simplicity, we will generally refer to both orders as "the order" throughout this opinion because the fact that the court issued two orders does not bear on the resolution of the issue before us.

detrimental or unfavorable to those rights or duties." *State ex rel SOSCF v. Imus*, 179 Or App 33, 38, 39 P3d 213 (2002).

For two reasons, we conclude that the order granting foster mother's motion to intervene is unfavorable to father's rights, making it appealable under ORS 419A.200(1).

First, ORS 419B.116 makes intervention a matter of the juvenile court's discretion, even when a proposed intervenor otherwise satisfies all the prerequisites for intervention. ORS 419B.116(5)(c); *Dept. of Human Services v. R. F.*, 328 Or App 267, 271, ___ P3d ___ (2023) ("ORS 419B.116 confers discretion on a juvenile court to allow intervention in a dependency case by a person who has a 'caregiver relationship' with a child, as that term is defined by statute."). In other words, intervention under the statute is permissive, not a matter of right. As a general matter, we previously have recognized that permissive intervention is prejudicial to an existing party when it requires the party to litigate against an extra party. For example, in *Taylor v. Portland Adventist Medical Center*, 242 Or App 92, 108, 255 P3d 926 (2011), we affirmed the trial court's denial of a motion for permissive intervention in a civil case. The proposed intervenors moved to intervene as defendants. *Id*. at 97. In concluding that the trial court did not abuse its discretion by denying the motion, we relied in part on the prejudice to the plaintiffs of adding new defendants to the case: "In addition, plaintiff, having chosen a single opponent with whom to duel, would be beset by three separate opponents asserting the same (or different) defenses, presenting separate arguments, examining and cross-examining witnesses and, in general, complicating the process of the case, both before and during trial." *Id*. at 108.

The same is true here. Although father is not a plaintiff in the case, allowing foster mother to participate means that father will have to contend not only with the arguments presented by the Department of Human Services about his fitness to parent and the appropriate plan for his child; he will have to contend with foster mother's arguments as well. Under *Taylor*, that is a form of prejudice to father.

Second, and similarly, that additional litigation burden is particularly acute in the dependency context. That

is because an order allowing intervention burdens father's fundamental right to parent his son. The order grants foster mother full party status in the case and entitles her to "such relief as the court determines to be appropriate and in the best interests of the child or the ward." ORS 419B.116(6). As other state courts have recognized, requiring a parent to litigate against a third party—in addition to the state—regarding the parent's fitness and their child's best interests is a significant burden on the parent's rights. *See, e.g., Roberto F. v. Arizona Dept. of Economic Sec.*, 232 Ariz 45, 53-55, 53 n 10, 301 P3d 211 (Ariz Ct App 2013) (discussing the prejudice to a parent's rights that accrues when a foster parent is permitted to intervene in a dependency case); *see also In re Juvenile Appeal Docket No. 10718*, 188 Conn 259, 262-63, 449 A2d 165 (1982) (explaining how intervention by foster parents who are prospective adoptive placements can harm a parent's interests by shifting the focus of a dependency proceeding away from the statutory criteria governing a natural parent's ability to parent, to a focus on how the foster parent's parenting compares to the natural parent's parenting). That is particularly so where, as here, a foster parent seeks to be considered as an adoptive placement because a foster parent's interest in becoming an adoptive placement is adverse to a natural parent's interest in reunification.[2] *See Roberto F.*, 232 Ariz at 53-55 (explaining burden placed on parent when intervention of a foster parent results in a dispute between a foster parent and a natural parent as to placement of a child).

For the foregoing reasons, we are persuaded that the order on appeal is one that adversely affects father's rights. We therefore allow reconsideration and vacate the order dismissing the appeal.

Reconsideration allowed; order dismissing appeal vacated.

---

[2] In her memorandum in support of her motion for intervention, foster mother asserted, among other things, that she sought "to intervene so that she could have the ability to move to be considered the permanent placement resource for [child] if the permanency plan should change to something other than reunification." Foster mother's memorandum also contained a detailed recitation of father's perceived shortcomings as a parent, something that tends to suggest that foster mother's position is adverse to father's, further demonstrating that the order allowing intervention is unfavorable to father's rights.